United States District Court
District of Massachusetts

|  |  |
|---|---|
| ROBERT L. XIFARAS,  )<br>  )<br>    Plaintiff,  )<br>  )<br>    v.  )<br>  )<br>LNV CORPORATION, DOVENMUEHLE  )<br>MORTGAGE, INC., MGC MORTGAGE,  )<br>INC., SAFEGUARD PROPERTIES, LLC, )<br>MORTGAGE ELECTRONIC REGISTRATION )<br>SYSTEMS, INC. and REGIONS  )<br>MORTGAGE, INC.,  )<br>  )<br>    Defendants.  )<br>  ) | Civil Action No.<br>16-10207-NMG |

## MEMORANDUM & ORDER

**GORTON, J.**

This case concerns a dispute with respect to a mortgage on real estate located at 116 Rockdale Avenue in New Bedford, Massachusetts ("the Property").

Pending before the Court are motions to dismiss by three sets of defendants and a motion for joinder by one set of defendants. For the reasons that follow, all of those motions will be allowed and the claims against defendants will be dismissed without prejudice. All other pending motions in the action will be denied as moot.

## I. Background

### A. The parties

Plaintiff Robert Xifaras ("Xifaras" or "plaintiff") is an 86-year-old resident of Massachusetts. He purports to be an officer of Epic Realty Associates, Inc. ("Epic Realty"), a Massachusetts corporation. He helped Epic Realty purchase the property at issue in 2012 and to reach an agreement with the assignee of the mortgage in 2014. Xifaras is a former member of the bar of Massachusetts but resigned his license to practice law in 1993 and appears in this case pro se.

Defendant LNV Corporation ("LNV") is apparently a Texas corporation and the current assignee of the mortgage.

Defendant Dovenmuehle Mortgage, Inc. ("Dovenmuehle") is apparently an Illinois or Michigan corporation and the mortgage loan servicer for LNV.

Defendant MGC Mortgage, Inc. ("MGC") is apparently a Texas or Illinois corporation, related to LNV.

Defendant Safeguard Properties, LLC ("Safeguard") is apparently a limited liability company, with some connection with Ohio, which was hired by Dovenmuehle to take possession of the Property and secure it on Dovenmuehle's behalf.

Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") is apparently a Michigan corporation and the initial mortgagee on the Property.

Defendant Regions Mortgage, Inc. ("Regions") is apparently a Texas corporation. MERS and Regions disclaim any continuing interest in the mortgage or the instant dispute.

**B.   The Property and the mortgage**

In 2006, the first owner of the Property and two other individuals granted a mortgage on the Property to secure a promissory note which they executed in favor of Freemont Investment & Loan ("Freemont"). It is undisputed that MERS was the mortgagee and acted as the "nominee for the original lender, Freemont, and its successors and assigns". In 2007, MERS assigned the mortgage to another party before it was ultimately assigned to LNV in 2013.

The complaint alleges that in 2012, after "five months of investigation and negotiations" by plaintiff, Epic Realty purchased the Property for $375 subject to the mortgage and "without having becoming personally liable for the debt".

In March, 2014, Xifaras helped Epic Realty enter into a Settlement Agreement and Release ("the Agreement") with LNV whereby LNV agreed to release its mortgage lien on the Property in exchange for a payment of $35,000 to LNV on or before October 31, 2014. It is undisputed that neither plaintiff nor Epic Realty made the specified payment to LNV before the deadline in that agreement expired.

In November, 2015, LNV informed plaintiff that it would no longer accept a payment of $35,000 in satisfaction of the mortgage but was willing to consider a "higher settlement amount more consistent with the fair market value of the property". Plaintiff claims that LNV reneged on the 2014 Agreement in bad faith in order to take advantage of his successful efforts to "rehabilitate" the Property and increase its market value.

### C. Procedural history

In December, 2015, plaintiff brought this action in Massachusetts Superior Court by filing a complaint alleging breach of contract, predatory practices, extortion, conspiracy, fraud, trespass and interference with contractual relations. Plaintiff sought damages in the amounts of $53,528 for the cost of purchasing, securing and "rehabilitating" the Property, $36,800 in "lost rents" and three times the sum of those amounts ($270,984) as treble damages pursuant to Chapter 93A of the Massachusetts General Laws.

Defendants removed the action on diversity grounds to federal court in early February, 2016. Dovenmuehle then filed an answer to the complaint. The five other named defendants filed three motions to dismiss the complaint. MERS and Regions also submitted a motion, which this Court will allow, to join Safeguard's motion to dismiss.

**II.  Motions to dismiss**

Defendants seek to dismiss the complaint because, inter alia, Epic Realty is the actual party in interest and the pro se plaintiff lacks standing to assert claims on its behalf.

Fed. R. Civ. P. 17(a)(1) requires that "[a]n action must be prosecuted in the name of the real party in interest". Fed. R. Civ. P. 17(a)(1).  This action concerns the status of a mortgage placed on certain real estate and the propriety of defendants' conduct in disputing the status of that mortgage.

Defendants contend, and a review of the complaint and its exhibits confirms, that Epic Realty is the owner of the Property and that plaintiff

1) represented in his correspondence that Epic Realty is the owner of the Property,

2) engaged in discussions and developments concerning the Property on behalf of Epic Realty as its officer and

3) now raises claims against defendants for the actions they undertook in connection with the Property and seeks to recover damages that he incurred as an officer of Epic Realty.

Defendants also point out that the purported dissolution of Epic Realty in June, 2014 does not bar that corporation from prosecuting its own claims (through a duly qualified attorney) within three years of the date of dissolution, see M.G.L. c. 155; M.G.L. c. 156B, § 102; Pagounis v. Pendleton, 52 Mass. App. Ct. 270, 275 (2001)(finding that, pursuant to the "corporate

continuation statutes", a corporate officer lacks standing to assert a claim belonging to a corporation which dissolved less than three years earlier).

Plaintiff does not dispute defendants' assertions.

The Court thus concludes that Epic Realty, not plaintiff, is the "real party in interest" in this action. Plaintiff appears pro se and cannot prosecute this action on behalf of Epic Realty which is a corporation. All claims in this case, including those against Dovenmuehle, the only defendant which did not move for dismissal, will be dismissed without prejudice. If Epic Realty intends to pursue its purported claims, it must retain counsel and initiate a new action in its own name.

Accordingly, the Court will dismiss the complaint in its entirety.

## ORDER

For the foregoing reasons,

1) the motion of defendant Safeguard Properties, LLC to dismiss (Docket No. 10) is **ALLOWED**,

2) the motion of defendants LNV Corporation and MGC Mortgage, Inc. to dismiss (Docket No. 13) is **ALLOWED**,

3) the motion of defendants Mortgage Electronic Registration Systems, Inc. and Regions Mortgage, Inc. to dismiss (Docket No. 14) is **ALLOWED**, and

    4)    the motion of defendants Mortgage Electronic Registration Systems, Inc. and Regions Mortgage, Inc. for joinder (Docket No. 22) is **ALLOWED.**

Because plaintiff is a pro se party who cannot assert claims on behalf of a corporate entity, all claims in this action, including those against defendant Dovenmuehle Mortgage, Inc., are **DISMISSED WITHOUT PREJUDICE.** All other pending motions in this action (Docket Nos. 36, 38, 40, 46, 47, 48, 49, 50 and 51) are **DENIED AS MOOT.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated July 22, 2016